UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC LAWRENCE WRIGHT,

    Plaintiff,

v.

PAUL PASTOR, *et al.,*

    Defendants.

Case No. C08-5603 RJB/KLS

ORDER GRANTING LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff's motion for leave to file an amended complaint. Dkt. # 7. Having carefully reviewed Plaintiff's motion and proposed amendment, the Court finds and orders as follows:

## I. BACKGROUND

In his original Complaint, Mr. Wright named Paul Pastor and S. Kasten, as well as two unnamed "John Doe" correction officers, as defendants, claiming that his civil rights were violated when privileged materials were seized from him and his attorney and that not all of the materials were returned to him Dkt. # 4, p. 3. Plaintiff alleges that removal of these materials may have compromised his right to a fair trial. *Id.*, p. 4.

This Complaint was filed on October 20, 2008 and the Court directed Plaintiff to fill out proper service forms and provide the Court with service copies of the Complaint so that the U.S. Marshal may attempt service on the named defendants. Dkt. # 8.

ORDER - 1

1    On November 13, 2008, Plaintiff filed his motion to amend, in which he names Sheriff Paul
2    Pastor, "for violations . . . committed both singly and collectively by Pierce County officials
3    working under [his] direct supervision." Dkt. # 7.  Plaintiff seeks to add a claim that he was given
4    medication without his consent causing him to exhibit psychotic behavior at his court hearing, and a
5    claim that a prosecutor charged him with additional crimes on July 28, 2008 after he refused to
6    accept a plea agreement. *Id.*, pp. 3-4.  Plaintiff also asks this Court to intervene as he is being
7    denied discovery and exculpatory evidence in his state cases. *Id.*, p. 4.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.*  Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

However, when a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).  A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.

ORDER - 2

1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

**Defendant Paul Pastor**

Plaintiff has failed to properly identify the individual defendants who have allegedly caused him harm. Plaintiff names only Paul Pastor as a defendant. Dkt. # 7. Plaintiff does not, however, allege that Defendant Pastor was personally involved in any of the conduct of which he complains or that as a supervisory public officer, Defendant Pastor participated in or directed the violation or knew of and failed to prevent the violations of his subordinates. *Monell*, 436 U.S. at 694; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). Plaintiff must set forth facts describing when, where and how individually named defendants deprived him of a constitutional right.

**Prosecutorial Misconduct/Plea Agreement**

Plaintiff appears to challenge the propriety of charges filed in state court, seeking dismissal of that criminal case in this case. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great

ORDER - 3

and immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(*Younger* abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings). Therefore, Plaintiff may not bring claims relating to any ongoing state criminal cases in this Section 1983 case.

Due to the deficiencies described above, the Court will not serve the proposed amended complaint submitted by Plaintiff. However, Plaintiff may file an amended complaint **no later than January 23, 2009,** without reference to any claims relating to ongoing state criminal cases and which proposed amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint. Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint"**

ORDER - 4

**and Cause Number C08-5603RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

ACCORDINGLY, Plaintiff's motion to amend (Dkt. # 31) is **GRANTED** and Plaintiff shall submit a proposed amended complaint on or before **January 23, 2009**.

DATED this 29th day of December, 2008.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 5