UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC LAWRENCE WRIGHT,

    Plaintiff,

v.

PAUL PASTOR, *et al.*,

    Defendants.

Case No. C08-5603 RJB/KLS

ORDER TO AMEND OR SHOW CAUSE

On December 29, 2008, Mr. Wright was granted leave to amend his complaint. Dkt. # 9. Mr. Wright now submits for the Court's review a "Motion: First Amended Complaint," "Motion for Production of Documents FRPC 34", "Motion: Constitutional Challenge of State Statute to Attorney General 28 USCS § 2403 FRCP Rule 5.1(A)(1)(b) and "Motion of Constitutional Challenge to a Statute Notice, Certification and Intervention - Rule 5.1(a)(1)(b) F.R.C.P." Dkt. # 13. Based on the Court's review of these documents, the Court concludes that Mr. Wright shall be given another opportunity to amend his complaint as he has failed to state a claim under Section 1983. His remaining "motions" shall be denied. The Court offers the following guidance.

**DISCUSSION**

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis*

ORDER - 1

complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

On the basis of these standards, Mr. Wright's allegations appear to fail to state a claim upon which relief can be granted. Each of Mr. Wright's claims are addressed below.

**1.     Allegations Against Paul Pastor**

Mr. Wright accuses Paul Pastor "who institutes and oversees policey [sic] for Pierce County Courts and Jail, of allowing civil-rights violations to occur. Also, deliberate indifference is occuring [sic] by failure to remedy U.S. Constitutional violations done individually and collectively by Pierce County Jail and court officials." Dkt. # 13, p. 1.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim.

ORDER - 2

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

The Court cannot infer from the vague and conclusory statements included in Mr. Wright's "Motion: First Amended Complaint" that Mr. Pastor has violated any of Mr. Wright's constitutional rights. Mr. Wright must allege when, where and in what manner Mr. Pastor was involved in causing him constitutional harm.

**2.     Guilty Plea of July 28, 2008**

Mr. Wright alleges that he was told to plead guilty in *State v. Wright*, Case No. 05-1-03754-9 or he would be re-indicted with bail-jump charges. Dkt. # 13, p. 2. Mr. Wright alleges that the "plea bargain" and threat of additional charges is a violation of his due process rights. *Id.*

Mr. Wright was previously advised that federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See, e.g., Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Therefore, Plaintiff may not bring claims relating to any ongoing state criminal cases in this case. However, it now appears that Mr. Wright has been sentence as he recently filed a change of address showing an address at McNeil Island Correction Center. Dkt. # 14. Therefore, in the event Mr. Wright is challenging the terms of his conviction arising from that plea agreement, his sole remedy is a writ of habeas corpus and not a claim under 42 U.S.C. § 1983.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

ORDER - 3

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

Finally, Mr. Wright is advised that prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431). This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078. Absolute prosecutorial immunity is available when a prosecutor performs the traditional functions of an advocate, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), but only qualified immunity is available when the prosecutor performs administrative functions, or investigative functions normally performed by a police officer or detective, *Buckley v. Fitsimmons*, 509 U.S. 259, 273 (1993); *Broam*, 320 F. 3d at 1028-29. Prosecutorial immunity is a form of quasi-judicial immunity. *Imbler*, 424 U.S. at 420. The inquiry focuses on the nature of the function performed by the prosecutor and not on the identity of the actor. *Forrester v. White*, 484 U.S. 219, 229 (1988). The official seeking absolute immunity has the burden of showing that such immunity is justified for the function at issue. *Burns*, 500 U.S. at 486.

Mr. Wright's allegation that the prosecutor engaged in plea bargaining and attempted to increase the severity of his crime appears to be a matter falling within the purview of a prosecutor's

ORDER - 4

function as an advocate and therefore, the prosecutor would be entitled to absolute immunity and dismissal of the claim as it relates to the prosecutor.

### 3. Removal of Materials

Mr. Wright alleges that on September 19, 2008 during a meeting with his counsel, Defendant S. Kasten seized his lawbooks and privileged law materials for a period of thirty minutes and that after his materials were returned, some were missing. Dkt. # 13, p. 2. Mr. Wright alleges that this violates his Fourteenth Amendment due process rights. However, Mr. Wright does not describe what was missing nor does he allege how he was harmed.

The Court cannot infer from the vague and conclusory statements included in Mr. Wright's "Motion: First Amended Complaint" that Ms. Kasten has violated any of Mr. Wright's constitutional rights.

### 4. June 2008 - Drug Silixin or Celixia

Mr. Wright alleges that on June 2008, he was in court and had a reaction to the drug Silixin or Celixia that was given to him by medical personnel at the Pierce County Jail without his knowledge and consent. Dkt. # 13, p. 2.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan,* 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary

ORDER - 5

standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

The Court cannot infer from the vague and conclusory statements contained in Mr. Wright's complaint that any of the named defendants have violated any of his constitutional rights. Mr. Wright appears to be alleging that he was given medication without his consent. He identifies the date and the drugs, but fails to identify the nature of the circumstances leading him to believe that he was being given this medication without his consent, nor does he identify a person or persons who he believes violated his Eighth Amendment rights.

**CONCLUSION**

Due to the deficiencies described above, the Court finds that dismissal of Mr. Wright's complaint is proper. However, Mr. Wright will be given another opportunity to file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than March 13, 2009**. Plaintiff's second amended

ORDER - 6

complaint shall consist of a short and plain statement showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

> (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;
>
> (2) the dates on which the conduct of each Defendant allegedly took place; and
>
> (3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs. The second amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. **Plaintiff shall present his second complaint on the form provided by the Court**. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "Second Amended Complaint" and Cause Number C08-5603RJB/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "Second Amended Complaint" for service on each named Defendant.

Plaintiff is cautioned that if the second amended complaint is not timely filed or if Plaintiff fails to adequately address the issues raised herein **on or before March 13, 2009**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

ORDER - 7

Plaintiff's Motion for Production of Documents (Dkt. # 13-3) and Motions for Constitutional Challenges (Dkts. # 13-4 and 13-5) are **DENIED** as premature in light of the fact that the Court has not yet accepted an appropriate or sufficient complaint nor has any defendant yet been served.

DATED this 13th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8