UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERIC LAWRENCE WRIGHT,

                                    Plaintiff,

        v.

PAUL PASTOR, *et al.*,

                                    Defendants.

No. C08-5603 RJB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR:  June 5, 2009**

        This civil rights action has been referred to the undersigned United States Magistrate

Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  The

Court ordered Plaintiff Eric Lawrence Wright to file an amended complaint or show cause

explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983.

Dkt. 15.  Mr. Wright filed an Amended Complaint (Dkt. 17), but that amendment was prepared

and mailed prior to the Court's order to amend and suffers from the same deficiencies as his First

Amended Complaint.  Dkt. 13.   Mr. Wright was given additional time to comply with the

Court's order to amend, but has failed to do so.  The undersigned concludes that further

amendment would be futile and recommends that this action be dismissed without prejudice and

that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

On October 20, 2008, Mr. Wright was granted leave to proceed *in forma pauperis* (Dkt. 3) and the Clerk filed his Complaint. Dkt. 4. In his original complaint, Mr. Wright named Paul Pastor and S. Kasten, and two unnamed "John Doe" correction officers, as defendants. *Id*. Mr. Wright claimed that his civil rights were violated when certain privileged materials were seized from him and his attorney. Dkt. 4, p. 3. Plaintiff was directed to fill out service forms and provide copies of the complaint. Dkt. 8. On November 13, 2008, Plaintiff filed a motion to amend, naming Sheriff Paul Pastor "for violations … committed both singly and collectively by Pierce County officials working under [his] direct supervision." Dkt. 7. Plaintiff sought to add a claim that he was given medication without his consent causing him to exhibit psychotic behavior at a court hearing and a claim that a prosecutor charged him with additional crimes on July 28, 2008 after he refused to accept a plea agreement. *Id*., pp. 3-4. Mr. Wright also asked the Court to intervene because he was being denied discovery and exculpatory evidence in his state cases. *Id*., p. 4.

By Order dated December 29, 2008, the Court granted Mr. Wright's motion to amend. Dkt. 9. However, the Court advised Mr. Wright that his previous pleading was deficient because (1) he failed to properly identify the individuals who allegedly caused him harm; (2) failed to include allegations that Defendant Pastor was personally involved in any of the conduct alleged or that as a supervisory public officer, Defendant Pastor participated in or directed the conduct of his subordinates; and (3) Mr. Wright was advised that he may not brings claims in this court relating to any ongoing state criminal cases. *Id*., pp. 3-4.

On January 21, 2009, Mr. Wright filed a First Amended Complaint, in which he named Paul Pastor, S. Kasten, and "John Doe" Correction Officer. Dkt. 13. On the same day, he filed

a Motion for Production of Documents (Dkt. 13-2) and Motions for Constitutional Challenges (Dkt. 13-4 and 13-5).

After review of the First Amended Complaint, the Court ordered Mr. Wright to amend his complaint once again or show cause why it should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. 15. The Court advised Mr. Wright that (1) he failed to allege how Defendant Pastor had violated any of his constitutional rights; (2) if he was now challenging his conviction based on the plea agreement in his state criminal case, his sole remedy was in habeas; (3) that prosecutors are entitled to absolute immunity when acting within the scope of their duties, including engaging in plea bargaining and attempting to increase the severity of his crime; (4) he failed to describe what materials were removed by Defendant Kasten and how he was harmed; and (5) he failed to allege how any of the named defendants violated his constitutional rights relating to his claim that he was given medication without his consent. *Id.*, pp. 3-6.

On February 17, 2009, the Court received Plaintiff's "Motion: Amended Complaint," which was mailed after Mr. Wright's move to McNeil Island Correction Center." Dkt. 17. The motion suffers from the same deficiencies as the First Amended Complaint. The Court advised Mr. Wright that the allegations set forth in Dkt. 17 are not sufficient to state a claim under Section 1983 and would be stricken. Dkt. # 18, p. 1. Noting that the Court's most recent Order (Dkt. 15) and Mr. Wright's latest submission may have crossed in the mails, the Court gave Mr. Wright additional time to submit a second amended complaint, until April 17, 2009. Dkt. 18, p. 2.

On April 3, 2009, Mr. Wright filed a "Motion for Production of Documents from the Defendant." Dkt. 19. To date, he has not submitted a second amended complaint or a response

REPORT AND RECOMMENDATION - 3

to the Court's Order (Dkts. 15 or 18), nor has he sought an extension of the April 17, 2009 deadline.

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Wright's allegations fail to state a claim upon which relief can be granted. Each of Mr. Wright's claims are addressed below.

**1. Allegations Against Paul Pastor**

Mr. Wright accuses Paul Pastor "who institutes and oversees policey [sic] for Pierce County Courts and Jail, of allowing civil-rights violations to occur. Also, deliberate indifference is occuring [sic] by failure to remedy U.S. Constitutional violations done individually and collectively by Pierce County Jail and court officials." Dkt. 13, p. 1.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983 as to Defendant Pastor as he has failed to allege when, where and in what manner Mr. Pastor was involved in causing him constitutional harm.

**2. Guilty Plea of July 28, 2008**

Mr. Wright alleges that he was told to plead guilty in *State v. Wright*, Case No. 05-1-03754-9 or he would be re-indicted with bail-jump charges. Dkt. # 13, p. 2. Mr. Wright alleges

REPORT AND RECOMMENDATION - 5

that the "plea bargain" and threat of additional charges is a violation of his due process rights. *Id.*

Mr. Wright was previously advised that federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See, e.g., Younger v. Harris*, 401 U.S. 37, 45-46 (1971); Dkt. 9, pp. 3-4. Therefore, Plaintiff may not bring claims relating to any ongoing state criminal cases in this case. To the extent Mr. Wright is challenging the terms of his conviction arising from his plea agreement in his state court action, he was previously advised that his sole remedy is a writ of habeas corpus and not a claim under 42 U.S.C. § 1983. Dkt. 15, p. 3.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.*

Mr. Wright seeks monetary damages of $500,000. Dkt. 13, p. 3. However, there is no allegation that the conviction or sentence of which Plaintiff complains has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal. Thus,

Plaintiff shall not be permitted to seek monetary damages or pursue such claims via section 1983 without first successfully petitioning for his release and/or expungement of his sentence or conviction imposed by the state trial court.

Mr. Wright was also advised that prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983.   A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Asheman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431).  This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031, 126 S.Ct. 736, 546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Asheman*, 793 F.2d at 1078.  Absolute prosecutorial immunity is available when a prosecutor performs the traditional functions of an advocate, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), but only qualified immunity is available when the prosecutor performs administrative functions, or investigative functions normally performed by a police officer or detective, *Buckley v. Fitsimmons*, 509 U.S. 259, 273 (1993); *Broam*, 320 F. 3d at 1028-29.

Prosecutorial immunity is a form of quasi-judicial immunity.  *Imbler*, 424 U.S. at 420.  The inquiry focuses on the nature of the function performed by the prosecutor and not on the identity of the actor.  *Forrester v. White*, 484 U.S. 219, 229 (1988).  The official seeking absolute

immunity has the burden of showing that such immunity is justified for the function at issue. *Burns*, 500 U.S. at 486.

Mr. Wright's allegation that the prosecutor engaged in plea bargaining and attempted to increase the severity of his crime appears to be a matter falling within the purview of a prosecutor's function as an advocate and therefore, the prosecutor would be entitled to absolute immunity and dismissal of the claim as it relates to the prosecutor.

Mr. Wright has failed to state a claim as a matter of law under 42 U.S.C. § 1983 as to his claim that the plea bargain in *State v. Wright*, Case No. 05-1-03754-9 and threat of additional charges is a violation of his due process rights. Dkt. 13, p. 2.

### 3. Removal of Materials

Mr. Wright alleges that on September 19, 2008 during a meeting with his counsel, Defendant S. Kasten seized his lawbooks and privileged law materials for a period of thirty minutes and that after his materials were returned, some were missing. Dkt. 13, p. 2. Mr. Wright alleges that this violates his Fourteenth Amendment due process rights.[1]

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983 as to Defendant Kasten as he has failed to allege what materials were missing and how the alleged conduct by Defendant Kasten has caused him harm.

### 4. June 2008 - Drug Silixin or Celixia

Mr. Wright alleges that on June 2008, he was in court and had a reaction to the drug Silixin or Celixia that was given to him by medical personnel at the Pierce County Jail without his knowledge and consent. Dkt. 13, p. 2.

---

[1] In his "Amended Complaint" filed on February 17, 2009, Plaintiff did not cure this deficiency, but stated only that the materials contained his "defense strategy" and "compromised his right to a fair trial." Dkt. 17, p. 2.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove both an objective and a subjective component. *Hudson v. McMillan,* 503 U.S. 1 (1992); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer,* 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id.* at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). If one of the components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. 25.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply

REPORT AND RECOMMENDATION - 9

an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Mr. Wright has not alleged that any of the named defendants have violated any of his constitutional rights. Mr. Wright alleges that he was given a drug without his consent, but does not include factual allegations as to the circumstances which lead him to believe that he was being given this medication without his consent, nor does he identify a person or persons who he believes violated his Eighth Amendment rights.

Mr. Wright was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to show cause and properly plead such an action in this Court. He has failed to do either.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED at Tacoma, Washington this <u>12th</u> day of May, 2009.

_Karen L. Strombom_
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10